**Franklin W. BELK, Appellant,**

v.

**J. A. JONES CONSTRUCTION CO., Inc.,**
**Appellee.**

**No. 13861.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1959.

Joe Van Derveer, of Van Derveer & Brown, Chattanooga, Tenn., for appellant.

F. Thornton Strang, of Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

The United States District Court granted summary judgment, on motion of the defendant, upon the basis of the pleadings and depositions filed in the case. The appellee construction company, acting in accordance with the specifications of the owner of a building, left a hole in the floor at the second story level. The hole was protected by a railing, which the owner caused to be removed. At the direction of the Superintendent of Construction for the owner, the appellee contractor covered this hole with a sheet of three-fourths-inch plywood.

The appellee concluded the construction job in accordance with specifications and delivered the building to the owner. Several months later, the appellant, an employee of the owner of the building, drove a truck on to the part of the floor which was covered by plywood, causing the floor to give way and drop appellant to the first floor, with resultant serious injuries.

On this set of facts, we agree that no liability rests upon the appellee for the injury to the appellant employee. No applicable Tennessee authority has been produced upon the basis of which the employee could recover against the independent contractor; and logic and reason do not support appellant's contention. The employer of appellant specified the manner in which the hole (through which appellant fell) should be covered with plywood and also caused the railing protecting it to be removed. Furthermore, the contractor had delivered the building to the owner some three months before the accident.

We can find no negligence whatever on the part of the appellee. Accordingly, the summary judgment of District Judge Darr is affirmed.